United States District Court
Southern District of Texas
**ENTERED**
March 08, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JODANNA LEAL, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 2:16-CV-9 |
| | § | |
| GENERAL MOTORS LLC, *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER REMANDING CASE

On November 23, 2015, Plaintiffs filed this lawsuit in the 229th Judicial District Court, Duval County, Texas, for the wrongful death of Ricardo Rene Martinez after the steering mechanism on his 2012 Chevrolet Malibu allegedly failed, causing a fatal collision on November 26, 2013. The suit alleged product liability theories for design defects, along with negligence and gross negligence claims against General Motors, LLC (GM) for designing the vehicle with a defective steering mechanism. Plaintiffs also alleged product liability, negligence, and gross negligence claims against Dorman Products, Inc. (Dorman), the supplier of the steering components. Plaintiffs further complained of Pueblo Tires, Ltd. (Pueblo) and Arnold Cantu Enterprises, LLC d/b/a Cantu Chevrolet (Cantu) because they had inspected the vehicle and failed to repair the defective condition and failed to warn Mr. Martinez. D.E. 1-5, 1-6.

GM, with Dorman's consent, timely removed the case to this Court on January 8, 2016, pursuant to diversity jurisdiction. 28 U.S.C. § 1332. GM argues that the two non-diverse Defendants, Pueblo and Cantu, were improperly joined solely for the purpose of

defeating diversity.  28 U.S.C. § 1332; D.E. 1.  On February 5, 2016, Plaintiffs filed their combined "Motion for Leave to File Second Amended Original Petition and Motion to Remand Based on *Hensgens v. Deere & Company*" (First Remand Motion, D.E. 11).  On the same date, Plaintiffs filed their "Motion to Remand Based on Procedural Defect" (Second Remand Motion, D.E. 12).  GM has filed responses to each.  D.E. 15, 16.

Pursuant to the First Remand Motion, Plaintiffs seek to join non-diverse Alice Chevrolet as a Defendant, alleging that they recently discovered that it had performed extensive repairs to the automobile's steering mechanism, including replacement of certain components.  The Second Remand Motion argues that the claims against Pueblo and Cantu are cognizable despite the limitations of product liability law because they are sued for independent acts of negligence rather than as merely post-sale servicers.  For the reasons set out below, the Court GRANTS the First Remand Motion (D.E. 11) and thus does not reach the Second Remand Motion (D.E. 12), which is terminated as moot.

## DISCUSSION

The removal statute allows the Court to permit the joinder of non-diverse parties and thereafter remand the case to state court.  28 U.S.C. § 1447(e).  Pursuant to *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987), the Court is to consider whether the request for joinder is merely to defeat jurisdiction, whether Plaintiffs were dilatory in seeking joinder, whether Plaintiffs will be significantly injured if joinder is not permitted, and any other equitable factors.  GM argues that the relevant factors are the intent to defeat federal jurisdiction, futility of any amendment, and a lack of prejudice to Plaintiffs if joinder is denied.  D.E. 15, p. 5.

**Defeating Federal Jurisdiction**.  GM faults Plaintiffs for the post-removal timing of the request to add Alice Chevrolet.  It is undisputed that Alice Chevrolet's repairs included installation of steering components and took place only days before the collision that killed Mr. Martinez.  D.E. 15, p. 8.  These facts have facial validity in asserting a cause of action against the shop, which undercuts any argument that the joinder is solely to defeat jurisdiction.  And while the timing of joining the claims against Alice Chevrolet is less than ideal, this case is in its infancy.

**Futility**.  GM next argues that the joinder is futile because any claim against Alice Chevrolet is barred by limitations.  But this argument is stated in only conclusory terms and does not take into consideration that some of the Plaintiffs are the decedent's minor children.  The Court cannot treat the claim against Alice Chevrolet as futile without further briefing of the matter.

**Injury to Plaintiffs**.  GM next argues that Plaintiffs will not suffer injury from a denial of the joinder, and states that it is sufficiently solvent to satisfy a judgment without Alice Chevrolet's help.  This argument might have application if Alice Chevrolet had been sued only as a non-manufacturing seller and GM was responsible for all of Alice Chevrolet's alleged conduct.  However, Plaintiffs have alleged independent liability against Alice Chevrolet.  If joinder is not permitted, Plaintiffs will have to litigate these highly interrelated claims in separate cases, presumably in separate forums, needlessly increasing the time and expense of taking them to judgment.

## CONCLUSION

For the reasons set out above, the Court finds that the *Hensgens* factors and equitable considerations weigh in favor of permitting Plaintiffs to amend their complaint to add Alice Chevrolet as a party defendant.  It is undisputed that the addition of Alice Chevrolet destroys this Court's diversity jurisdiction.  Therefore, the Court GRANTS Plaintiffs' First Remand Motion (D.E. 11), ORDERS that Plaintiffs' Second Amended Original Petition and Jury Demand (D.E. 11-4) be filed as an independent document on the docket of this Court, and ORDERS this action remanded to the 229th Judicial District Court, Duval County, Texas, the court from which it was removed.  The Court instructs the Clerk to terminate the Second Remand Motion (D.E. 12) as moot.

ORDERED this 7th day of March, 2016.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE